NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000555
25-JUN-2025
08:09 AM
Dkt. 56 SO**

NO. CAAP-22-0000555


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MEILING K. AKUNA, Plaintiff-Appellant,
v.
ANDY STEHL and JIM FALK MOTORS OF MAUI,
Defendants-Appellees


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DRC-21-0000972)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

Self-represented Plaintiff-Appellant Meiling K. Akuna

(**Akuna**) appeals from the District Court of the Second Circuit's

(**district court**)[1] May 3, 2023 Judgment, entered in favor of

---

[1] The Honorable Blaine J. Kobayashi presided.

Defendants-Appellees Andy Stehl (**Stehl**) and Jim Falk Motors of Maui (**Falk Motors**) (collectively, the **Defendants**). Akuna raises three issues on appeal,[2] contending that the district court: (1) "erred in giving nominal concern in [Akuna's] case"; (2) "erred on the manner in which the trials were conducted"; and (3) "applied the wrong legal standard in finding [Akuna's] case unmerited."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Akuna's appeal as follows.

In August 2021, Akuna filed the operative Amended Complaint, alleging that the Defendants committed fraud by selling her a "truck [that] was previously damaged in a rollover accident" that had been represented as being "a new truck." The case proceeded to a bench trial. After Akuna rested her case, the Defendants moved for a directed verdict. The district court ruled as follows,

> Ms. Akuna, the [c]ourt in this case has listened to the testimony of the witnesses that you've called to support your claim.

---

[2] We note that Akuna's opening brief does not, among other things, include a statement of points of error or arguments on appeal as required by Hawaiʻi Rules of Appellate Procedure Rule 28. We will nevertheless address Akuna's contentions of error to the extent they are discernible. See U.S. Bank Nat'l Ass'n v. Wright, Nos. CAAP-19-0000545, CAAP-19-0000879, & CAAP-20-0000364, 2023 WL 4104953, at *2 (Haw. App. June 21, 2023) (SDO) ("[W]e interpret pleadings prepared by self-represented litigants liberally and attempt to afford them appellate review even though they fail to comply with court rules.") (citation omitted).

> Ah, the [c]ourt has also had the opportunity to review the exhibits which were received in evidence.
> You know, unfortunately **the [c]ourt [cannot] see or find any evidence of your claim that the vehicle that was sold to you on April 4th, 2013 was, in fact, a used vehicle as opposed to a new vehicle.**
> Ah, because of that, **your claim fails and you have not proven by a preponderance of the evidence the claim set forth in your complaint.**
> So unfortunately, at this time **the [c]ourt has no alternative but to rule in favor of the [D]efendant[s].** The [c]ourt is granting the defense's motion for directed verdict. Judgment is entered in favor of the [D]efendants and against [Akuna].

(Emphasis added.)

A motion for a directed verdict in a district court trial shall be considered as a motion to dismiss under District Court Rules of Civil Procedure (**DCRCP**) Rule 41(b).[3]  Cf. Ontai v. Straub Clinic & Hosp. Inc., 66 Haw. 237, 252, 659 P.2d 734, 745 (1983) ("A motion for a directed verdict [under Hawai'i Rules of Civil Procedure (**HRCP**) Rule 50(a)[4]] in a nonjury case will be

---

[3]     DCRCP Rule 41(b) states, in relevant part,

After the plaintiff has completed the presentation of the plaintiff's evidence, the defendant, without waiving the defendant's right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.  The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

[4]     HRCP Rule 50(a) states, in relevant part,

If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

treated as if it were a motion to dismiss under [HRCP] Rule 41(b)[.]") (citation omitted); Aluminum Shake Roofing, Inc. v. Hirayasu, 110 Hawaiʻi 248, 251, 131 P.3d 1230, 1233 (2006) ("It is well settled that a trial court's rulings on motions for judgment as a matter of law [under HRCP Rule 50(a)] are reviewed *de novo*.") (citation omitted). "A trial court's ruling on a motion to dismiss is reviewed de novo." Ryan v. Herzog, 142 Hawaiʻi 278, 284, 418 P.3d 619, 625 (2018) (citations omitted).

At trial, Akuna called four witnesses: Manuel Nunez, a former Falk Motors service manager; Terry Tinsley, a former Falk Motors finance manager; Ryan Westberg, a Falk Motors service department employee; and Stehl, the Falk Motors salesperson who sold Akuna the vehicle. The record reflects that Akuna did not, through the testimonies of these witnesses and the trial exhibits Akuna introduced, produce any evidence to support her claim that the Defendants sold her a damaged vehicle that was not new. We determine that the district court did not err in finding that Akuna had not met her burden of proving her claim by a preponderance of the evidence, and, on that basis, in granting the Defendants' motion for a directed verdict.

We therefore affirm the Judgment.

DATED: Honolulu, Hawaiʻi, June 25, 2025.

On the briefs:

Meiling K. Akuna,
Self-represented
Plaintiff-Appellant.

Scott W. O'Neill,
for Defendants-Appellees.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge